UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLON R. JOHNSON,<br><br>           Plaintiff,<br><br>   v.<br><br>GALLAGHER BASSETT SERVICES INC., et al.,<br><br>           Defendants. | CASE NO. C18-5029 RBL<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS |

THIS MATTER is before the Court on Defendant Gallagher Bassett's Motion to Dismiss [Dkt. # 12], Defendant' ACE American Insurance Co.'s similar Motion to Dismiss and Partial Joinder in Gallagher Bassett's Motion [Dkt. # 13] and Gallagher Bassett's Motion to Join in ACE's Reply in support of its own Motion. [Dkt. # 23]. The Motions to Join are **GRANTED**.

The case arises from an automobile accident and a subsequent a UIM claim. Plaintiff Johnson was injured when her vehicle was struck by a stolen truck. Her ACE insurance policy included a $50,000 UIM coverage. She made a policy limits UIM claim to ACE's claims service provider, Gallagher Bassett, and neither Gallagher Bassett nor ACE offered or paid her anything. She sued in state court, alleging state law specific performance (of contract), Insurance Fair

Conduct Act, and related "bad faith"/breach of fiduciary duty/CPA claims. Defendants removed the case to this Court under 28 U.S.C. § 1332 (diversity jurisdiction).

Gallagher Bassett seeks dismissal with prejudice, arguing that Johnson has not pled and cannot plausibly plead that she had a contractual relationship (of insurance or otherwise) with Gallagher Bassett, and that because it is not an insurer, it owed her "no duties." ACE—which did have a contract, is an insurer, and does owe its insureds various duties, even in the UIM context—joins in this motion.

ACE also asks the Court to dismiss with prejudice all of Johnson's claims against it. It argues that Johnson's "specific performance" contract claim cannot proceed where her claim is really one for breach of contract and money damages, though it implicitly concedes that she could assert a claim for the latter. It also seeks dismissal of her "fiduciary duty" claim, arguing that ACE owed her no such duty as a matter of law, particularly in the UIM context. It seeks dismissal (with prejudice) of Johnson's remaining "bad faith" claims, arguing essentially that Johnson has not plausibly pled that it denied her claim for UIM benefits under her ACE policy.

In response, Johnson filed an amended complaint which adds detail, including her efforts to obtain benefits and specifically alleging the Gallagher Bassett's and ACE's failure to respond is "effectively a denial of" her claim, and that it has "unreasonably denied payment of UIM benefits." She retains her "specific performance" contract claim but adds a "breach of contract" claim. Johnson has since voluntarily dismissed her specific performance and CPA claims [Dkt. # 19].

Gallagher Bassett's Reply concedes that it is ACE's adjuster and agent, but continues to argue that because it is not an insurer it is not bound by the IFCA, and that it has no contractual

(or other) duties to Johnson. It reiterates that Johnson's UIM claim has not been denied argues that delay in responding to or handing a claim does not necessarily amount to bad faith.

ACE's Reply argues that its (and Gallagher Bassett's) delay in responding to or in the handling of Johnson's UIM claim was "not unreasonable." It does not say "as a matter of law," but this is nevertheless a summary judgment argument. Both defendants appear to concede that Johnson was insured, that she was injured in an auto accident with an underinsured driver, that she made claim—in July, or at the latest, November—and that neither defendant has responded or paid any amount.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(b)(6) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an

unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Gaskill v. Travelers Ins. Co.*, No. 11-cv-05847-RJB, 2012 WL 1605221, at *2 (W.D. Wash. May 8, 2012) (citing *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir.1997)).

An insurer has a duty of good faith to its policyholder and violation of that duty may give rise to a tort action for bad faith. *Truck Ins. Exch. v. Vanport Homes, Inc.,* 147 Wash.2d 751, 765, 58 P.3d 276 (2002). To succeed on a bad faith claim, the policyholder must show the insurer's breach of the insurance contract was unreasonable, frivolous, or unfounded. *Overton v. Consol. Ins. Co.,* 145 Wash.2d 417, 433, 38 P.3d 322 (2002). Whether an insurer acted in bad faith is a question of fact. *Van Noy v. State Farm Mut. Auto. Ins. Co.,* 142 Wash.2d 784, 796, 16 P.3d 574 (2001). If reasonable minds could differ that an insurer's conduct was reasonable, or if there are material issues of fact with respect to the reasonableness of the insurer's action, then summary judgment is not appropriate. *Smith v. Safeco Ins. Co.*, 150 Wash. 2d 478, 486, 78 P.3d 1274, 1277-78 (2003).

Gallagher Basset's claim that it does not owe Johnson a *fiduciary* duty is correct, and that specific claim is dismissed. Johnson's breach of contract claim against Gallagher Basset is also implausible, in the absence of any such contract. But the claim that an outside adjuster owes an insured no duty whatsoever—that it is free to ignore her claim—is not correct. An adjuster cannot claim immunity from the various statutes, regulations, "bad faith" opinions governing claims handling by pointing to the absence of a contract, any more than an insurer can immunize itself by delegating its claims handling to an outside adjuster. Johnson's core, "unreasonable claims handling" claims are sufficiently pled for the defendants to know what she is claiming. Defendants' Motions to Dismiss those claims—IFCA, negligence and bad faith—are DENIED.

IT IS SO ORDERED.

Dated this 23rd day of April, 2018.

Ronald B. Leighton
United States District Judge